IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Application of BAYER ) | |
| HEALTHCARE LLC, Petitioner, For an ) | |
| Order Pursuant to 28 U.S.C. § 1782 to ) | Case No. 14 C 3918 |
| Take Discovery for Use in Foreign ) | |
| Proceedings, Pursuant to the Federal Rules ) | Jeffrey T. Gilbert |
| of Civil Procedure, of Respondents ) | Magistrate Judge |
| Baxter International Inc. and Baxter ) | |
| Healthcare Corporation. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *ex parte* Application for an Order Pursuant to 28

U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings [1] ("Application") filed by

Bayer Healthcare LL ("Bayer") for leave to serve subpoenas on Baxter International Inc. and

Baxter Healthcare Corporation (collectively "Baxter"). For the reasons discussed below, the

Application is granted, and Bayer is authorized to issue and serve on Baxter the subpoenas *duces*

*tecum* and *ad testificandum* attached to its Application. This determination is without prejudice

to Baxter filing a timely motion to quash or modify the subpoenas in accordance with the Federal

Rules of Civil Procedure.

## BACKGROUND

On May 28, 2014, Bayer filed an *ex parte* Application for leave to serve subpoenas on

Baxter for discovery related to a foreign legal proceeding between Bayer and Nektar

Therapeutics ("Nektar") in Germany. Bayer states in its Application that the evidence it seeks

from Baxter is relevant to its claims of inventorship and ownership rights to certain patent

applications filed by Nektar and at issue in the lawsuit pending in the District Court Munich I,

No. 21 O 21530/1 (the "German Action"). *See* Bayer's Application [1], at 4. Bayer asserts that

Nektar misappropriated Bayer's research and development for a process to improve factor VIII

1

treatments for hemophilia patients and subsequently shared that proprietary information with Baxter, a competitor of Bayer, and that Nektar then entered into a research and development agreement with Baxter to develop its own factor VIII treatments.[1] Bayer also states that the German court has scheduled its first hearing on Bayer's claims on July 9, 2014 and another hearing on December 3, 2014 "as the likely date for the main hearing to determine Bayer's claims." Bayer's Application [1], at 4.

## ANALYSIS

Bayer relies on 28 U.S.C § 1782 and the United States Supreme Court's decision in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S.C. 241 (2004), in seeking judicial assistance to obtain discovery for use in a foreign proceeding. A district court may grant an application pursuant to 28 U.S.C § 1782 when (1) the person or entity from who the discovery is ought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by an interested party. Based on the Court's review of Bayer's Application, the criteria of Section 1782 are satisfied in this case: (1) Baxter has its headquarters and principal place of business within the Northern District of Illinois; (2) the Court is satisfied, at this point, that the Application and evidence sought relate to claims pending in the German Action; and (3) Bayer qualifies as an interested person.

A district court, however, is not required to grant a Section 1782 discovery application simply because it has authority to do so. *Intel*, 542 U.S.C. at 264. The Supreme Court has set forth the following discretionary factors to consider when evaluating an application under Section 1782: (1) whether the material sought is within the foreign tribunal's jurisdiction and

---

[1] "Factor VIII is a protein that performs a number of important factors in the human body. In particular, it helps blood clot. A lack or deficiency of factor VIII causes hemophilia A, a rare bleeding disorder in which the blood dies not clot normally." Bayer's Memorandum [5], at 6.

obtainable in manner other than Section 1782; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign court to jurisdictional assistance from United States federal court; (3) whether the application to take discovery for use in a foreign proceeding is an attempt to circumvent restrictions in the foreign proceeding or other polices of the foreign country or the United States; and (4) whether the subpoena contains unduly or intrusive burdensome requests. *Id.*

At this stage based on Bayer's *ex parte* Application, it appears that Bayer has satisfied the additional discretionary factors the Supreme Court has suggested a district court consider. Bayer represents that it cannot obtain this discovery from Baxter in Germany as Baxter is not a participant in the German Action. *See* Bayer's Memorandum of Law [5], at 13. Bayer also avers that German law does not preclude using evidence obtained through United States discovery procedures in German civil proceeding. *Id.* at 14. Bayer further represents that the Application does not conceal an attempt to circumvent foreign proofing-gathering restrictions and that Germany does not have any restrictions on discovery from third parties. *Id.* at 15. Finally, Bayer argues that the subpoenas are not unduly intrusive or burdensome and are narrowly tailored to seek documents and testimony directly related to its claims in the German Action. *Id.* at 16-17.

The Court has reviewed the subpoenas and looked at the subject matter of the discovery Bayer seeks from Baxter. At first blush, it appears that the discovery sought is relevant to Bayer's claims against Nektar relating to the alleged misappropriation of Bayer's research and development of an improved factor VIII treatment, and Nektar's alleged disclosure to Baxter of Bayer's proprietary research and development. All of the statutory factors set forth in 28 U.S.C.

1782 as well as the discretionary factors enumerated by the Supreme Court in *Intel* weigh in favor of allowing the discovery at issue to proceed.

## CONCLUSION

Accordingly, the Court exercises its discretion and grants Bayer's *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings [1]. Bayer is given leave to issue and serve on Baxter the subpoenas *duces tecum* and *ad testificandum* attached to its Application. This determination, however, is without prejudice to Baxter moving to quash or modify the subpoenas or seeking to limit the scope of the discovery sought pursuant to Rule 45 of the Federal Rules of Civil Procedure.

The Court also notes that Bayer submitted a proposed protective order to govern the discovery of any confidential information sought in the subpoenas. The Court fully expects that, if materials will be produced in response to the subpoenas at issue, a protective order will be entered in this matter. At this stage, however, the Court declines to enter the protective order submitted by Bayer *ex parte*. Instead, the parties are directed to look at the Northern District of Illinois Model Confidentiality Order that can be found on the Court's website and follow this Court's procedures for the entry of a protective order. Bayer is directed to include a copy of the Court's Order with the subpoenas it serves on Baxter.

It is so ordered.

Jeffrey T. Gilbert
Magistrate Judge

Dated: June 19, 2014

4